IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>v.<br><br>MARK RANDLE,<br>　　　Defendant. | )<br>)<br>)<br>)　Case No. 20-cr-30060<br>)<br>)<br>)<br>) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Mark Randle's Motion to Disclose Confidential Source (Doc. 71). Defendant seeks the disclosure of the identity of the confidential source ("CS") on the basis that disclosure is essential to the presentation of his defense. In response, the Government claims Defendant has not met the burden for disclosure.

The Government has a limited privilege to withhold the identity of the CS, which gives way if Defendant shows that disclosure "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957). In considering a motion for disclosure, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. While a proper balance depends on the circumstances of the case, a court should consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*

The role of the CS is an important consideration in determining whether his or her identity must be disclosed. *United States v. McDowell*, 687 F.3d 904, 911 (7th Cir. 2012). "In

this context our cases describe two types of informants: a mere tipster—someone whose only role was to provide the police with the relevant information that served as the foundation for obtaining a search warrant and a transactional witness who participated in the crime charged against the defendant or witnessed the event in question." *Id.* (internal quotation marks and citation omitted). The rationale for the privilege for "mere tipsters" is stronger and the case for overriding it is generally weak. *Id.* If the CS performs a transactional role in the investigation, "the case for overriding the privilege and requiring disclosure may be stronger." *Id.* The necessity of the CS's testimony must be established regardless of his or her role. *Id.* at 911-12 (denial of disclosure appropriate when informant's testimony would not have supported defendant's duress defense). "The confidential informant privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994).

Defendant alleges the identity of the CS must be promptly disclosed because it is essential to the preparation of the defense. (Doc. 72 at 1). While acknowledging the CS's existence and providing discovery documents containing the CS's statement and overall involvement, Defendant alleges the Government has otherwise provided no information concerning the CS. (*Id.* at 2). Defendant claims the CS should be produced for an interview because such individuals cannot be located by ordinary means, and the CS's testimony "will bear a direct relationship to a possible defense of entrapment, mere presence, lack of intent, etc." (*Id.*) Defendant states that "[t]he Government has failed to articulate any valid reason for the non-disclosure of the witness." (*Id.* at 4-5). In order to

protect Defendant's due process rights, Defendant also requests the Court to hold an in-camera hearing on Defendant's need for the CS's identity and testimony. (*Id.* at 6).

It is apparent from the Government's recitation of the factual background that the CS was a transactional witness. Thus, there may be a stronger case for overriding the privilege than there would be if the CS were a "mere tipster." The Government correctly notes that it bears no obligation to provide a reason for asserting the privilege, which is presumed to apply. Defendant's bare assertion that the CS's testimony will relate to certain defenses is unsupported. The Government contends that, even if the CS's testimony would bear directly on defenses such as entrapment, mere presence and lack of intent, the factual circumstances and statements surrounding the CS as disclosed in discovery confirm the CS's testimony would not support those defenses. Therefore, the privilege has not been overcome to engage in a "fishing expedition." Defendant has not demonstrated how disclosure of the CS would be helpful to the defense or essential to a fair determination of a cause. Based on the current record, the Court concludes that the limited privilege continues to apply.

For the reasons stated herein, Defendant Mark Randle's Motion to Disclose Confidential Source [Doc. 71] is DENIED.

ENTER: January 17, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE